**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **ALBERT PUGH** <br> **LA. DOC #297448** | **CIVIL ACTION NO. 3:15-cv-1498** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LaSALLE MANAGEMENT CORPORATION** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Albert Pugh, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 30, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Correction; when he filed this complaint he was incarcerated at the Madison Parish Corrections Center (MPCC). He complained about conditions of confinement, namely insufficient diet, unsanitary and unsafe conditions, denial of reading materials, and, the denial of personal hygiene products and underwear. He sued the LaSalle Management Corporation (LMC), the entity he claims owns MPCC and prayed for better food and living conditions and a transfer to a DOC facility.

On June 3, 2015, the undersigned completed an initial review of the pleadings and ordered the plaintiff to amend his complaint to cure various deficiencies. Plaintiff was given a period of 30 days or until on or before July 6, 2015, to amend. On June 17, 2015, the amend order was returned to sender by the United States Postal Service. Plaintiff was apparently released or transferred to another facility and has not apprised the Court of his current whereabouts.

***Law and Analysis***


Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Local Rule 41.3 of this District provides in part, "The failure of [a] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Plaintiff was apparently transferred or released from MPCC sometime prior to June 17, 2015. More than 30 days have elapsed since that date and he has not provided his current whereabouts in violation of Local Rule 41.3. Dismissal of the complaint is warranted.[1]

---

[1] Local Rule 41.3 also provides, "Dismissal under this rule shall be without prejudice ... The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown."

It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 23, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

---

case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order; however, he has failed to do so within the time limitation provided. Finally, it must be assumed that plaintiff no longer desires to prosecute this action since he has not been in contact with the Court since May 21, 2015, the date he submitted his application to proceed in forma pauperis.